RAMONA MUÑOZ VIUDA DE ALONSO, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Defendant.

No. 1161. Argued January 23, 1939.—Decided May 31, 1939.

*G. Rivera Cestero*, attorney for the petitioner; *Dubón & Ochoteco*, attorneys for the intervenor.

MR. JUSTICE WOLF delivered the opinion of the Court.

On July 7, 1938, Ramona Muñoz Vda. de Alonso filed suit against José Manuel Alonso Muñoz to foreclose a mortgage. The above-named defendant did not appear to plead or answer and judgment by default was entered against him by the clerk of the court on July 20, 1938. On motion of the complainant, the court, on August 27, 1938, ordered the marshal to sell the mortgaged property. In compliance with this order, the marshal sold the property at public auction on September 23, 1938. Complainant in said case bought the property for her mortgage credit and was given a deed of judicial sale which she recorded in the registry of property.

At this point, Ramón Nieves appeared in the case and asked the court for permission to intervene, alleging that on or about some day in April or May, 1934, he entered into a share-cropper's contract with complainant; that said contract was still in full force; that said complainant had, at the time alleged and as owner of the property, delivered possession to him; that he was still in possession of the property by virtue of said contract and that therefore he was entitled to continue in possession of the property by virtue of his contract, at least until his contract was terminated and he was given damages for his dispossession. The court granted him permission to intervene in the proceeding. On October 20, 1938, the intervenor again appeared before the court and alleging that the marshal had the day before told him that on the next day he would be ejected from the property, prayed the court to order the marshal to suspend all proceedings in regard to the case. The court so ordered. The complainant then moved the court to dismiss the intervention. The parties presented briefs and on December 17, 1938, the court denied the motion to dismiss and allowed the intervention.

Complainant in the lower court then came to this court as petitioner in certiorari. The preliminary writ was issued. The petitioner now prays that the final writ be granted an-

nulling the order of the district court. To sustain this prayer, petitioner maintains:

(*a*) That the motion requesting permission to intervene was filed too late and that the permission granted by the court was given out of time according to Section 72 of the Code of Civil Procedure of Puerto Rico, which requires that an intervention be filed before the hearing of the case, whereas this intervention is filed three months after judgment was rendered, one month after the judicial sale and the adjudication of the property to the petitioner and the judicial deed of sale have been given.

(*b*) That the order of the lower court granting permission to intervene and the order to suspend the effect of the judgment were rendered ex parte.

(*c*) That the effect of the order granting permission to intervene and the order suspending the effect of the judgment was to reopen a case which had already been judicially determined, delaying the principal case and the final steps to be taken in the carrying out of the judgment and changing the rights of the original parties in the principal suit, all this against the law of procedure.

(*d*) That the intention of the intervention is merely to attack collaterally the validity of the public sale and the proceedings in the principal suit.

(*e*) Because the rights of the intervenor in the case depend on the rights of the former owner José Manuel Alonso Muñoz and as said defendant allowed a judgment by default to be taken against him, the intervention should not lie.

(*f*) Because an intervention does not lie when the principal suit is the foreclosure of a mortgage.

(*g*) Because the intervenor in this case had other legal remedies and to that effect the intervenor has filed suit in the District Court of Bayamón against petitioner herein for an accounting in regard to the aforesaid contract. That said suit had been filed not only before the motion requesting per-

mission to intervene was filed but also before the execution of the judgment in the principal case. That this case had been removed to the District Court of San Juan and that therefore the District Court of San Juan had judicial knowledge of the pendency of said action.

(*h*) That the intervenor has no interest in the suit and has not complied with Section 72 of the Code of Civil Procedure.

(*i*) That the intervenor has no lien on the property and therefore has no interest in the suit.

(*j*) That even if the intervenor had a lien or a right of dominion or possession on the property, said lien has been wiped out by the judicial sale, and that therefore at the time of requesting permission to intervene he had lost whatever interest he might have had in the suit.

The petitioner also alleges that the lower court, when it dictated said orders, had lost jurisdiction in the case due to the fact that the judgment had already become final and that the property had been sold and the deed of judicial sale delivered.

The respondent prays that the petition be dismissed and maintains:

1. That the original action was started as a real action on a foreclosure of mortgage and later changed into a personal action for the collection of money. That the ejectment of the respondent was illegal.

2. That Section 140 of the Code of Civil Procedure gives the court discretion to allow the intervention.

3. That the petitioner has no right to certiorari since she has a right of appeal.

4. That the court had the authority to allow the intervention ex parte and if there has been error the petitioner was not prejudiced.

5. That as this is a case of special intervention, Section 72 of the Code of Civil Procedure is not applicable, as the

only object of the intervention is to protect the right of the intervenor in the foreclosed property.

6. That the court has powers to suspend the execution of the judgment in regard to one of the parties.

7. That the action for the foreclosure of a mortgage does not end until the purchaser is put in material possession of the property and that it is not until that moment when the court loses jurisdiction.

8. That respondent's condition as sharecropper constitutes a sufficient interest in the property for him to intervene so that his right to the possession be protected.

9. That the judicial sale carried out did not destroy the right of the respondent-sharecropper.

10. That the existence of other legal remedies does not prevent the respondent from claiming his rights by intervention.

11. That the case of *Franceschi* v. *Hipódromo de Ponce* was a case of a foreclosure of a mortgage in a summary proceeding and that said proceeding by special provisions of law cannot be interrupted.

Some of the previous relations between the parties in this case may be seen by referring to 50 P.R.R.___ ; 52 P.R.R.___ ; 52 P.R.R.___. The petitioner in this certiorari is not devoid of reason when she maintains that Section 72 of the Code of Civil Procedure limits the right of intervention so called to a period preceding the judgment and generally before the trial of a case.

■■ Section 72 provides:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and

the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint.''

Likewise it may be better in many cases that a claim of this nature should be begun by an independent suit. Apart from all this we are quite convinced that a court may allow a person to intervene in the execution of a judgment which is somewhat similar to an independent suit. The common law writ of *audita querella* is not so far from the mark. Moreover, Section 74 of the Code of Civil Procedure provides:

''The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in, and thereupon the party, directed by the court, must cause to be served a copy of the summons in the action and the order aforesaid, in like manner as provided for the service of the summons, upon each of the parties ordered to be brought in, who shall have ten days or such time as the court may order, after service, in which to appear and plead; and in case such party fail to appear and plead within the time aforesaid, the court may cause his default to be entered and proceed as in other cases of default, or make such other order as the condition of the action and justice shall require; and when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be brought in by the proper amendment.''

The general tendency of the courts is to avoid the multiplicity of litigations. We see nothing in the present record that would prevent the district court from settling the matter in conroversy between the parties and thus put an end to the litigation. We are thoroughly convinced of the discretion of the court and find no abuse thereof and the writ of certiorari should be annulled.